UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN DEVOTA HARRIS,

                Plaintiff,

-against-

MT SINAI ST. LUKE'S,

                Defendant.

20-CV-00293 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendant violated his federally protected rights.[1] By order dated January 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

---

[1] Plaintiff filed this complaint in the United States District Court for the Eastern District of New York, and that court transferred the matter here. *See Harris v. Mt. Sinai St. Luke's*, No. 19-CV-7324 (E.D.N.Y. Jan. 13, 2020).

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND AND DISCUSSION

Plaintiff, a Brooklyn resident, filed this complaint regarding events that allegedly occurred in the emergency room of Mt. Sinai St. Luke's Hospital in Manhattan from July 12, 2013, through July 29, 2013. According to Plaintiff, doctors, nurses, and security personnel assaulted him, and emergency services workers and firefighters accused Plaintiff of murder and assault. Plaintiff asserts that he had "eight of his dental fillings knocked out, that he lost six teeth, and that he did not receive proper care, although his insurance was billed "hundreds of times." Plaintiff asserts claims of neglect, assault, murder, bribery, money laundering," and insurance fraud, and he seeks money damages.

Plaintiff previously filed a substantially similar complaint regarding the same underlying events.[2] After giving Plaintiff an opportunity to respond, the Court dismissed the action for lack of subject matter jurisdiction. *See Harris v. Fuster*, ECF 1:18-CV-10196, 11 (CM) (S.D.N.Y. Mar. 29, 2019) (dismissing complaint because the facts alleged did not suggest a federal claim; and because all parties resided in New York, diversity jurisdiction was lacking), *recons. denied*, (S.D.N.Y. Sept. 20, 2019).

---

[2] Plaintiff has another pending case in this District. *See Harris v. Harris*, ECF No. 1:19-CV-11658, 1 (S.D.N.Y. filed Dec. 20, 2019).

The Court dismisses this complaint for the same reasons it dismissed the prior case. The facts alleged do not suggest a cause of action arising under federal law, and there is no diversity jurisdiction, because all parties reside in New York. *See* 28 U.S.C. § 1331, 1332.

The fact that Plaintiff filed this complaint in the United States District Court for the Eastern District of New York, having previously filed a substantially similar complaint in this Court, suggests that Plaintiff was attempting to forum-shop. Plaintiff is warned that if he abuses the privilege of proceeding IFP by engaging in duplicative or other nonmeritorious litigation, the Court may order him to show cause, under 28 U.S.C. § 1651, why he should not be barred from filing new actions IFP in this Court without prior permission.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
       New York, New York

                                                COLLEEN McMAHON
                                           Chief United States District Judge